# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**ARRON MICHAEL LEWIS,**
**ADC #151373**                                                    **PLAINTIFF**

**V.**                          **CASE NO. 5:16-CV-297-JM-BD**

**WENDY KELLEY, et al.**                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

## I.     Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge

James M. Moody Jr. You may file written objections to this Recommendation. If you file

objections, they must be specific and must include the factual or legal basis for your

objection. Your objections must be received in the office of the United States District

Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing the record. By not objecting, you may also waive any right to

appeal questions of fact.

## II.     Background

Arron Michael Lewis, an Arkansas Department of Correction ("ADC") inmate,

filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. He claims that the

Defendants violated his first amendment rights by retaliating against him. (Docket entry

#1) He seeks monetary damages, as well as unspecified injunctive relief.

Defendants have moved for summary judgment on Mr. Lewis's claims against them. (#27) Mr. Lewis has responded to the motion, and it is ripe for decision. (#43, #44)

## III. Discussion

### A. Standard

Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). As moving parties, the Defendants bear the burden of producing admissible evidence showing that there is no real dispute. If they offer such evidence, Mr. Lewis is obligated to meet evidence with evidence if he is to avoid summary judgment.

### B. Factual History

On April 24, 2016, Mr. Lewis called the Prison Rape Elimination Act ("PREA") hotline to report that he had observed an inmate in cell 378 masturbating while an ADC officer watched. He claimed that the inmate stuck his penis through the food trap of the cell door, which had been left open.

Surveillance video footage of the barracks that includes cell 378 on the date and time Mr. Lewis identified in his PREA hotline report were preserved. Defendant Stephens reviewed the video footage and determined that the food trap to cell 378 was not open and that no ADC officer was standing outside of that cell at the time in question. Because Mr. Lewis made a false report to the PREA hotline, Defendant Stephens charged him with the following rule violations: unauthorized use of mail/phone; failure to obey

order of staff; lying to a staff members; and unauthorized use of state property. At the disciplinary hearing, Defendant Banister found Mr. Lewis guilty of all charges based on Defendant Stephens's statement. As a result of the disciplinary conviction, Mr. Lewis's classification was reduced to Level IV.

C.      Sovereign Immunity

Mr. Lewis's claims for money damages from the Defendants in their official capacities are barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Official-capacity claims for money damages against the Defendants, therefore, should be dismissed.

D.      Retaliation Claim

To prevail on a retaliation claim, a prisoner must show that retaliation was the "actual motivating factor" for adverse treatment and that the adverse action would not have occurred "but for a retaliatory motive." *Lewis v. Jacks,* 486 F.3d 1025, 1029 (8th Cir. 2007); *Haynes v. Stephenson,* 588 F.3d 1152, 1156 (8th Cir. 2009). Importantly, a prisoner cannot prevail if adverse action was taken for both a legitimate reason and for retaliatory reason. *Id.; Webb v. Hedrick,* Case No. 09–2896, 2010 WL 4366438, *1 (8th Cir. Nov. 5, 2010) (unpublished opinion) (explaining that a prisoner cannot prevail "if retaliation was one factor" in the defendants' decision); *Ponchik v. Bogan,* 929 F.3d 419, 420 (8th Cir.1991) (rejecting a retaliation claim where retaliation was only one of the factors leading to the inmate's transfer). A finding that a disciplinary is based on some evidence of a violation "essentially checkmates" a retaliation claim. *Henderson v. Baird,*

29 F.3d 464, 469 (8th Cir.1994) *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2584 (1995). "A

report from a correctional officer, even if disputed by the inmate and supported by no

other evidence, legally suffices as 'some evidence' upon which to base a prison

disciplinary decision, if the violation is found by an impartial decision-maker." *Cole v.*

*Norris*, No. 2:08CV00056-WRW, 2008 WL 4949283 (E.D.Ark.) (quoting *Hartsfield v.*

*Nichols*, 411 F.3d 826, 831 (8th Cir. 2008)).

Here, Mr. Lewis alleges he was retaliated against for filing prison grievances and

for calling the PREA hotline. The undisputed evidence, however, shows that Mr. Lewis

was found guilty of the rule violations because video footage reviewed by an impartial

decision maker contradicted his PREA report. Because there is some evidence to support

the finding that Mr. Lewis was guilty of the charged conduct, his retaliation claim fails.[1]

## IV.    Conclusion

The Court recommends that the Defendants' motion for summary judgment (#27)

be GRANTED, in part, and DENIED, in part. Mr. Lewis's claims should be

DISMISSED, with prejudice.[2] The Court declines to recommend that this dismissal

constitute a "strike" under 42 U.S.C. § 1915(g).

---

[1] The Court also has reviewed the video footage of cell 378 for the time period Mr. Lewis
reported that the inappropriate activity had occurred. Based on a review of the video, the
Court cannot conclusively state that the food trap door at issue was either open or closed.
In his response to the Defendants' motion, Mr. Lewis states that the food trap remained
open until a specific time on the video. The Court, however, was unable to conclude that
an ADC officer was standing outside of the cell in question at the time in question.

[2] Defendants also argue that Mr. Lewis's claims are barred by *Heck v. Humphrey*, 512
U.S. 477 (1994), and that they are entitled to qualified immunity. Because Mr. Lewis
only asserts a retaliation claim, *Heck v. Humphrey* is inapplicable. Further, because Mr.

DATED this 2nd day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

Lewis's retaliation claim fails as a matter of law, the Court need not address the Defendants' qualified immunity argument in this Recommendation.